# 16-2869-CV

## United States Court of Appeals

### *for the*

## Second Circuit

JOHN VOLPE, individually and on behalf of others similarly situated,

*Plaintiff-Appellant,*

– v. –

AMERICAN LANGUAGE COMMUNICATION CENTER, INC.,
DBA AMERICAN LANGUAGE COMMUNICATION CENTER,
JEAN PACHTER, PETER PACHTER,

*Defendants-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-APPELLANT

JOSHUA S. ANDROPHY
MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiff-Appellant*
One Grand Central Place
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200

## Table of Contents

Jurisdictional Statement ...............................................................................1

Statement of Issues Presented for Review ..................................................1

Statement of The Case .................................................................................1

Summary of Argument.................................................................................3

Argument......................................................................................................4

   I. STANDARD OF REVIEW ....................................................................4

   II. VOLPE IS A NON-EXEMPT EMPLOYEE UNDER THE FLSA, AND THEREFORE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT SHOULD HAVE BEEN DENIED ..........................5

   A. The Teacher at an Educational Institution Exemption ...................5

   B. Volpe is a Non-Exempt Employee Because ALCC is Not Plainly and Unmistakably an "Other Educational Institution"................................8

      1. ESLs, Such as ALCC, are Not Plainly and Unmistakably "Other Educational Institutions" ...........................................................8

      2. A Balance of Factors Does Not Plainly and Unmistakably Establish that ALCC is an "Other Educational Institution" ...............................17

Conclusion ...............................................................................................25

# Table of Authorities

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................5

*Astor v. United States*, 79 Fed. Cl. 303 (Fed. Cl. 2007) ...........................21

*Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984).......................5

*Chen v. Major League Baseball Props.*, 798 F.3d 72

(2d Cir. 2015)............................................................. 3, 5, 6, 15, 16, 17, 25

*Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199 (2d Cir. 2009) .......................16

*Cruz v. TD Bank, N.A.*, 855 F.Supp.2d 157 (S.D.N.Y. 2012) .................................16

*Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529 (2d Cir. 2009) ........... 3, 6, 15, 17

*Fernandez v. Zoni Language Services, Inc.*, 15-cv-6066 (PKC), 2016 U.S. Dist. LEXIS 65310 (S.D.N.Y. May 18, 2016) .............................................................18

*Hill v. Del. N. Cos. Sportservice*, No. 15-2109-cv, 2016 U.S. App. LEXIS 17763 (2d Cir. Oct. 3, 2016). .............................................................. 10, 11, 12

*Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137 (2d Cir. 2010) ..........6

*Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013)...4

*Smith v. ABC Training Ctr. Of Md., Inc.*, Index No. 13-306, 2013 U.S. Dist. LEXIS 108088, 2013 WL 3984630 (D. Md. Aug. 1, 2013) ...................................... 20, 23

## Statutes

28 U.S.C. §1291 .......................................................................................1

28 U.S.C. §1331 .......................................................................................1

28 U.S.C. §1367(a) ..................................................................................1

29 U.S.C. §206(a) ....................................................................................5

29 U.S.C. §207(a)(1) ................................................................5

29 U.S.C. §213 .................................................. 1, 5, 6, 11

N.Y. Ed. Law. §5001(4)(f)(4) ......................................23

**Rules**

F.R.A.P. 4(a)(1)(A) ....................................................1

**Regulations**

29 C.F.R. §541.204 ............................................ *passim*

29 C.F.R. §541.303(a), ........................................ 3, 4, 6, 7

29 C.F.R. §541.303(d) ...........................................7

8 N.Y.C.R.R. §126.10(j) ..................................... 20, 22, 23

**Other Authorities**

81 Fed. Reg. 32391, 32394 (May 23, 2016) ...........................11

Peter De Chiara, *Rethinking the Managerial-Professional Exemption of the Fair
Labor Standards Act*, 43 Am. Univ. L. Rev. 139 (1993) ....................................11

Wage and Hour Opinion Letter FLSA 2005-38

(U.S. Dep't of Labor Oct. 13, 2005) ................................. 13, 14

Wage and Hour Opinion Letter FLSA2006-41

(U.S. Dep't of Labor Oct. 26, 2006) ....................................13

Wage and Hour Opinion Letter, FLSA2008-9

(U.S. Dep't of Labor, Oct. 1, 2008) ................................. 12, 13

## Jurisdictional Statement

The basis for the district court's jurisdiction was federal question jurisdiction under 28 U.S.C. §1331 over appellant Volpe's claims brought under the Fair Labor Standards Act ("FLSA"). The district court had supplemental jurisdiction over Volpe's New York state law claims pursuant to 28 U.S.C. §1367(a).

The basis of the Court of Appeals' jurisdiction is 28 U.S.C. §1291, appeal from a final decision of the district court. The appeal is from the district court's final judgment dismissing the action.

The district court's judgment was entered July 29, 2016. The notice of appeal was filed August 18, 2016, and therefore is timely. F.R.A.P. 4(a)(1)(A). The appeal is from a final judgment that disposes of all of Volpe's claims.

## Statement of Issues Presented For Review

Is John Volpe, a teacher at Defendants' English language learning center, exempt from coverage by the FLSA under the "bona fide professional" exemption, 29 U.S.C. §213(a)(1), and associated regulations of the Department of Labor.

## Statement of the Case

Plaintiff John Volpe is a former employee of Defendants-Appellees American Language Communication Center, Inc. (d/b/a American Language Communication Center), Jean Pachter, and Peter Pachter (collectively, "ALCC").

(A-9, A-14) Volpe taught English as a second language ("ESL") at ALCC. (A-9, A-14)

ALCC does do not confer any educational degrees or equivalents, professional licenses, or continuing educational credits. (A-13) Completion of courses at ALCC do not confer upon enrollees any eligibility for professional licenses, educational opportunities, or any other tangible benefits. (*Id.*) While enrollees receive certificates from ALCC when they complete a course, those certificates are not prerequisites to any jobs, professional licenses, or educational opportunities. (A-14) ALCC does not require its teachers, such as Volpe, to possess any teaching certificates, or to have completed any teaching coursework. (*Id.*)

Volpe regularly had to spend several hours per week performing work that they he was not compensated for, such as preparing for classes and correcting exams. (A-15)

Volpe filed this action on August 29, 2015, alleging violations statutory overtime wages and spread of hours provisions under the FLSA and New York Labor Law. (A-2) Volpe filed an amended complaint on October 28, 2015 (A-8-25), and Defendants filed a motion to dismiss the amended complaint. (A-26-27)

By order dated July 29, 2016, District Judge Daniels granted Defendants' motion to dismiss Plaintiffs' FLSA claims. (A-108-119) Judge Daniels held that

2

the Plaintiffs are exempt under the FLSA because they are teachers and ALCC is an educational establishment within the meaning of 29 C.F.R. 541.303(a). (*Id.*) More specifically, the district court concluded that although ALCC is not a "post-secondary career program" within the meaning of 29 C.F.R. §541.204(b), it is nevertheless an "other educational institution" within the meaning of that regulation, and therefore is an "educational establishment" within the meaning of 29 C.F.R. §541.303(a). (A-114-118) Because the district court dismissed the FLSA claims, the district court declined to exercise supplemental jurisdiction over Volpe's state law claims brought under the NYLL, and dismissed such claims without prejudice. (A-118-119)

## Summary of Argument

Volpe is not exempt from coverage of the FLSA. Exemptions from the FLSA are to be construed narrowly, and applied only to "establishments plainly and unmistakably within their terms and spirit." *Chen v. Major League Baseball Props.*, 798 F.3d 72, 81 (2d Cir. 2015) (quoting *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531 (2d Cir. 2009)). Volpe was held exempt under the regulations of the Department of Labor which define the FLSA "professional capacity" exemption to include teachers at educational establishments. The Department of Labor defines "educational establishment" to include (1) "elementary or secondary school system[s];" (2) "institution[s] of higher

3

education;" and (3) "other educational institution[s]."  29 C.F.R. §541.204(b).  The

DOL regulations state the following regarding "other educational establishment:"

> the term "other educational establishment" includes
> special schools for mentally or physically disabled or
> gifted children, regardless of any classification of such
> schools as elementary, secondary or higher. Factors
> relevant in determining whether post-secondary career
> programs are educational institutions include whether the
> school is licensed by a state agency responsible for the
> state's educational system or accredited by a nationally
> recognized accrediting organization for career schools.
> Also, for purposes of the exemption, no distinction is
> drawn between public and private schools, or between
> those operated for profit and those that are not for profit.

*Id.*

The district court erroneously held that ALCC qualify as "other educational

establishment[s]" under 29 C.F.R. §541.303(a), and accordingly concluding that

Volpe is exempt from coverage under the FLSA.   This determination was

erroneous because, as ESLs, teachers at ALCC are not "plainly and unmistakably"

within the terms and spirit of the exemption for teachers at "other educational

establishment[s]."

Argument

## I.    STANDARD OF REVIEW

This Court reviews dismissal of a complaint for failure to state a claim *de*

*novo*.  *Lundy v. Catholic Health Sys. Of Long Island, Inc*., 711 F.3d 106, 113 (2d

4

Cir. 2013).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* at 114.

## II. VOLPE IS A NON-EXEMPT EMPLOYEE UNDER THE FLSA, AND THEREFORE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT SHOULD HAVE BEEN DENIED

### A. The Teacher at an Educational Institution Exemption

The FLSA requires that employees receive a minimum wage for all hours worked and be paid at a rate of one-and-a-half times their regular rate for all hours worked above 40 in a workweek.  29 U.S.C. §§206(a), 207(a)(1).  Section 13 of the FLSA includes exemptions from coverage under the FLSA.  29 U.S.C. §213.

The FLSA "is a remedial [statute], written in the broadest possible terms so that the minimum wage provisions would have the widest possible impact in the national economy."  *Chen*, 798 F.3d at 76 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)  "Because the FLSA is a remedial law, exemptions 'are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within

5

their terms and spirit.'" *Id.* at 81 (quoting *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531 (2d Cir. 2009)).

"The application of an exemption to the FLSA is an affirmative defense . . . which may be raised in a pre-answer Rule 12(b)(6) motion 'if the defense appears on the face of the complaint.'" *Id.* (quoting *Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)) (internal citations omitted). "Thus, an employer invoking an exception to the FLSA bears the burden of proving that the establishment is covered by the exemption." *Id.* at 82.

The FLSA exempts "any employee employed in a bona fide executive, administrative, or professional capacity (including any employees employed in the capacity of . . . teacher in elementary or secondary schools) . . . (as such terms are defined and delimited from time to time by regulations of the Secretary)" from coverage under the minimum wage and overtime laws. 29 U.S.C. §213(a)(1).

As relates to teachers, the U.S. Department of Labor has defined this exemption considerably beyond the statutory inclusion of teachers in elementary or secondary schools, to include "any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 29 C.F.R. §541.303(a). In order to be exempt under this exemption, therefore, an employee must: 1) have the primary

6

duty of teaching in the activity of imparting knowledge; 2) be employed as a teacher; and 3) be employed at an educational establishment. *Id.*

An educational establishment is defined as "an elementary or secondary school system, an institution of higher education or other educational institution." 29 C.F.R. §541.204(b). The DOL regulation goes on to state that:

> [t]he term 'other educational establishment' includes special schools for mentally or physically disabled or gifted children, regardless of any classification of such schools as elementary, secondary or higher. Factors that are relevant in determining whether post-secondary career programs are educational institutions include whether the school is licensed by a state agency responsible for the state's educational system or accredited by a nationally recognized accrediting organization for career schools. Also, for purposes of the exemption, no distinction is drawn between public and private schools, or between those operated for profit and those that are not for profit.

*Id.*

The regulation does not give any further guidance as to what constitutes an "other educational institution." This is all of the guidance that the Department of Labor regulations provide concerning the definition of an "other educational institution" for purposes of the teacher exemption.

Teachers are uniquely exempt from the salary requirements that apply to other professional employees exempt from the FLSA. 29 C.F.R. §541.303(d).

7

### B. Volpe is a Non-Exempt Employee Because ALCC is Not Plainly and Unmistakably an "Other Educational Institution"

Defendants' motion to dismiss should have been denied because, based on the facts pleaded in the Amended Complaint and the facts that the district court took judicial notice of, ALCC is not an educational institution.

#### 1. ESLs, such as ALCC, are Not Plainly and Unmistakably "Other Educational Institutions"

Under the Department of Labor regulations, "'educational establishment' means an elementary or secondary school system, an institution of higher education or other educational institution." 29 C.F.R. §541.204(b).

The Department of Labor regulations address the meaning of "other educational institution" in two ways. First, the regulations state that the term "'other educational establishment' includes special schools for mentally or physically disabled or gifted children, regardless of any classification of such schools as elementary, secondary or higher." *Id.* Second, the regulation states: "Factors relevant in determining whether post-secondary career programs are educational institutions include whether the school is licensed by a state agency responsible for the state's educational system or accredited by a nationally recognized accrediting organization for career schools." *Id.*

Accordingly, the regulations identify two specific types of institutions that are classified as "other educational institutions." First are elementary, secondary,

or higher educational institutions which are special schools for either disabled or gifted children. *Id.* These "other educational institutions" are similar to the specifically enumerated "elementary or secondary school system, an[d] institution of higher education" identified by the regulation; the only difference is that they are special schools for disables or gifted students. ALCC does not and cannot argue that it this type of "other educational institution."

Second, the regulation identifies "post-secondary career programs," and states that whether such programs are accredited by a state agency and/or a nationally recognized accrediting organization for career schools are relevant factors for determining whether such "post-secondary career programs" are educational establishments. *Id.*

As the district court properly concluded, ALCC is not a "post-secondary career program." (A-114, n.4) ALCC does not train its enrollees for any career. As alleged in the Amended Complaint, ALCC operates an English learning center where enrollees are taught English as a second language, by teachers such as Volpe. (A-9, A-13-14) Completion of a course at ALCC does not confer eligibility for any professional licenses. (A-13) Enrollees are taught English; they are not trained for any careers. The district court held that "[a]lthough proficiency in English is advantageous and even necessary for many careers, ESL courses do not prepare students for a particular job or occupation." (A-114, n. 4) The district

9

court properly concluded that ALCC is not covered by the plain language of the regulation as a post-secondary career program. (A-114)

Accordingly, ALCC is neither of the specific types of establishments identified as "other educational institution" by the Department of Labor regulation. At most, the text of the regulation in ambiguous as to whether ESLs such as ALCC are educational institutions.

This Court recently held that where there is "textual ambiguity" concerning an FLSA exemption, "we turn to the legislative history and to statements of the law from DOL." *Hill v. Del. N. Cos. Sportservice*, No. 15-2109-cv, 2016 U.S. App. LEXIS 17763, *12 (2d Cir. Oct. 3, 2016). This Court explained in *Hill*:

> Our first task is to identify the contours of the exemption. In this initial inquiry, we seek not a broad or narrow statutory construction, but the one that most accurately reflects congressional intent. We have said that FLSA "exemptions 'are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit.'" *Id.* at 81 (quoting *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531 (2d Cir. 2009)). This rule, as stated, applies only after we have discerned the "terms and spirit" of a given exemption. Consistent with this approach, we did not especially aim in *Chen* for an interpretation of "establishment" that exempted as few workers as possible; instead, we examined different sources, and it was only after ascertaining the definition of "establishment" that we "narrowly construed" the exemption.

*Id.*

10

Here, the legislative history on the teacher exemption is not helpful in determining whether a teacher at an ESL such as ALCC is covered by the exemption. The legislative text exempts "any employee employer in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or *teacher in elementary or secondary schools*), . . . (as such terms are defined and delimited from time to time by regulations of the Secretary . . . ). 29 U.S.C. §213(a)(1). The legislative text does not extend the exemption beyond elementary or secondary schools.

More generally, "[s]pecific references in the legislative history to the exemptions contained in section 13(a)(1) are scant." 81 Fed. Reg. 32391, 32394 (May 23, 2016); *see also* Peter De Chiara, *Rethinking the Managerial-Professional Exemption of the Fair Labor Standards Act*, 43 Am. Univ. L. Rev. 139 (1993). ("the legislative history of the [FLSA] contains no explanation for the managerial-professional exemption. . . . no debate of discussion of the exemption took place while the bills were under consideration").

In the absence of pertinent legislative history concerning the teacher exemption specifically, or the professional exemption more generally, *Hill* directs that the Court turn to "statements of the law from DOL." *Hill*, 2016 U.S. App. LEXIS 17763, at *12. However, here the ambiguity arises from the DOL

11

regulation itself. No DOL interpretive rule gives further guidance as to the scope of the exemption, and particularly the breadth of the definition of educational institution.

In *Hill*, the Court next turned to DOL opinion letters to assess the scope of an FLSA exemption. *Hill*, 2016 U.S. App. LEXIS 17763, *19. Here, there are DOL opinion letters that address the issue of coverage under the teacher exemption at post-secondary career schools. As the district court held, ALCC is not a post-secondary career school. When examined closely, the DOL opinion letters support the view that ALCC is not an educational institution.

Wage and Hour Opinion Letter, FLSA2008-9 (U.S. Dep't of Labor, Oct. 1, 2008) addressed whether instructors at a cosmetology school qualified for the professional exemption. The DOL opinion letter advised that the "cosmetology school meets the regulatory requirements to be considered an "educational establishment" because it is accredited by the NACCAS, a nationally recognized accrediting commission for cosmetology schools." *Id.* However, as a cosmetology school, it was unambiguously a post-secondary career program. Under the express language of the DOL regulation, accreditation by a nationally recognized accrediting organization for career schools is a factor relevant to determining whether it is an educational institution. 29 C.F.R. §541.204. ALCC is not a post-secondary career school, and therefore accreditation by a nationally recognized

12

accrediting organization is not an express factor under the DOL regulation for considering whether it is an educational institution.

Wage and Hour Opinion Letter FLSA2006-41 (U.S. Dep't of Labor Oct. 26, 2006) addressed a career school providing technical instruction and professional development to students seeking careers as automotive, diesel, collision repair, motorcycle, and marine technicians. The school was accredited by nationally recognized accrediting organization for career schools, and therefore qualified as an educational institution.

By contrast, Wage and Hour Opinion Letter FLSA 2005-38 (U.S. Dep't of Labor Oct. 13, 2005) addressed a beauty school overseen by a nonprofit college. The DOL advised that because the beauty school's letter did not provide evidence that it was licenses by the state's educational agency, or accredited by a nationally recognized accrediting organization for career school, it could not determine that the instructors qualified as exempt teachers.

These DOL opinion letters, taken together, show that the DOL has issued its opinions by adhering closely to the text of 29 C.F.R. §541.204(b), the regulation defining "educational institution." When post-secondary career schools were accredited by a nationally recognized accrediting organization, the DOL advised that these schools were educational institutions. Wage and Hour Opinion Letter, FLSA2008-9 (U.S. Dep't of Labor, Oct. 1, 2008); Wage and Hour Opinion Letter

FLSA2006-41 (U.S. Dep't of Labor Oct. 26, 2006).  Where the DOL had no evidence that a school was accredited by a nationally recognized accrediting organization, or licensed by an agency responsible for the state's educational system, the DOL advised that it the school was not an educational institution and its teachers were not exempt from the FLSA.  Wage and Hour Opinion Letter FLSA 2005-38 (U.S. Dep't of Labor Oct. 13, 2005).

Accordingly, in advising whether a post-secondary career school is an educational institution, the DOL opinion letters entirely based their advice on the factors expressly listed in 29 C.F.R. §541.204(b): whether the school is licensed by the state's educational agency, and whether it was accredited by a recognized accrediting organization.  The DOL did not consider factors, even though 29 C.F.R. §541.204(b) states only that: "[f]actors relevant in determining whether post-secondary career programs are educational institutions include [licensure and accreditation]."  Although the use of the language "factors relevant" and "include" suggest that other factors are also relevant, the DOL opinion letters reveal that in interpreting 29 C.F.R. §541.204(b) the DOL did not find it appropriate to go beyond the factors clearly listed in the regulation.

The DOL's approach in the opinion letters suggests that the DOL adheres closely to the text of 29 C.F.R. §541.204(b) and does not expand beyond what is clearly set out in regulation.  This approach suggests that, in interpreting the same

14

regulation, the meaning of "other educational institution" should not be expanded beyond the two types of schools expressly listed in 29 C.F.R. §541.204(b): (1) special schools for mentally or physically disabled or gifted children, and (2) post-secondary career programs. The DOL's close adherence to the factors expressly within the text of 29 C.F.R. §541.204(b) in advising whether post-secondary career schools are educational institutions supports the position that the types of schools that can qualify as other educational institutions should be limited to those expressly listed in the regulation.

The proper construction of the teacher exemption and the regulations defining "other educational institution," consistent with both the narrow construction of FLSA exemptions mandated by Circuit case law and generally applicable canons of construction, excludes ESL establishments such as ALCC from the definition of "educational institutions" under 29 C.F.R. §541.204(b).

As stated above, "[b]ecause the FLSA is a remedial law, exemptions 'are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit.'" *Chen*, 798 F.3d at 81 (quoting *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531 (2d Cir. 2009)). In order to be within the definition of "other educational institution," such that its teachers would be exempt from the FLSA, ALCC must "plainly and unmistakably" fall within the "terms and spirit" of

15

the "other educational institution" exemption.  It is not sufficient that a reasonable construction of the applicable regulations can be made which places ALCC within the meaning of "other educational institution."  It is not even sufficient that the best or most plausible construction of the regulations would include ALCC within the meaning of "other educational institution."  In order for teachers at ALCC to be exempt under the professional exemption, ALCC must be plainly and unmistakably within the terms and spirit of the arguably applicable regulations. *Chen*, 798 F.3d at 81.

The canon of construction *expressio unius st exclusion alterius* "means 'the mention of one thing implies the exclusions of the other.'"  *Cruz v. TD Bank, N.A.*, 855 F.Supp.2d 157, 171 (S.D.N.Y. 2012) (*quoting Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 221 (2d Cir. 2009)).  "Properly invoked, *expressio unius* prevents expanding an enumerated list of items or exceptions."  *Id.*

Here, the DOL regulation enumerates two types of establishments as "other educational institutions:" (1) elementary, secondary or higher education institutions for disabled or gifted students, and (2) post-secondary career programs.  29 C.F.R. §541.204(b).  The regulation does not identify ESL centers as included in "other educational institutions."

The regulation cannot be construed to include teachers at ESL centers within the exemption, when viewed in light of the DOL's approach in its opinion letters

16

interpreting 29 C.F.R. §541.204(b), the canon *expressio unius st exclusion alterius*, and in view of the rule that exemptions under the FLSA must be narrowly construed to include only establishments plainly and unmistakably within the terms of exemptions. *See Chen*, 798 F.3d at 81 ("Because the FLSA is a remedial law, exemptions 'are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit'") (quoting *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531 (2d Cir. 2009)).

### 2. A Balance of Factors Does Not Plainly and Unmistakably Establish that ALCC is an "Other Educational Institution"

Volpe chiefly contends that because ESL centers are not plainly and unmistakably identified as "other educational institutions," while other forms of educational institutions are so identified, ALCC's teachers cannot plainly and unmistakably be exempt from the FLSA. (*Supra*, 10-17) This should end the inquiry.

Alternatively, if this Court should find that determining whether Plaintiffs are exempt from FLSA coverage requires consideration of a range of factors to determine whether ALCC is an "other educational institution" for purposes of the FLSA teacher exemption, this Court should hold that ALCC is not an "other educational institution" based on the current evidentiary record.

17

The district court applied an eight factor test to determine whether ALCC is an "other educational institution," drawing on case law, particularly *Fernandez v. Zoni Language Services, Inc.*, 15-cv-6066 (PKC), 2016 U.S. Dist. LEXIS 65310, *25 (S.D.N.Y. May 18, 2016) and the DOL regulations. (A-115) The district considered licensure and accreditation, and:

> six additional factors as well: ( 1) the title held by the organization's employees, (2) the certifications required of teachers, (3) the formality of the courses, (4) whether the organization grants certificates or degrees, (5) the organization's charter, and (6) the teacher's involvement in organizing, communicating, and delivering the curriculum. (A-115)

To the extent that this Court determines that consideration of a range of factors is appropriate for determining whether ALCC is an "other educational institution," Volpe does not object to consideration of these particular eight factors to reach that determination. However, the district court's application of these factors was flawed, both in its examination of the individual factors and the consideration of the totality of the factors. Upon considering this or any other range of factors to determine whether ALCC is an "other educational institution," this Court should find that on the current evidentiary record ALCC is not an "other educational institution," Volpe is not exempt from coverage under the FLSA, and Volpe's action should not have been dismissed.

---

[1] The decision in *Fernandez* is currently being appealed to this Court, under case no. 16-1689-cv

In applying any multi-factor test to determine whether ALCC is an "other educational institution" whose teachers are exempt from FLSA coverage, the Court cannot lose sight of the requirement that ALCC must "plainly and unmistakably" fall within the exemption. It is not enough that more factors point to ALCC's teachers being exempt from the FLSA than those that do not. Rather, *all* factors should clearly point weigh in favor of the conclusion that Plaintiffs are exempt from FLSA coverage. If the balance of factors is not clearly and decisively in favor of Plaintiffs being exempt from FLSA coverage, Plaintiffs cannot possibly be "plainly and unmistakably" within the "spirit and terms" of the exemption. *Chen*, 798 F.3d at 81

The factors identified by the district court do not all clearly weigh in favor of finding that ALCC is an "other educational institution." Therefore, application of the factors should have resulted in denial of Defendants' motion to dismiss.

The second factor, in addition to licensure and accreditation, the district court considered was the certifications required by ALCC's teachers. The First Amended Complaint alleged that "Defendants' 'teachers,' such as Plaintiff, are not required to possess teaching certificates, degrees, or licenses, and are not required to have completed any teaching coursework." (A-14) This allegation should have resolved the matter for consideration of the motion to dismiss, and resulted in a

19

determination that this factor weighs considerably against ALCC falling within the definition of "other educational institution."

Instead, the district court noted Volpe's concession that ALCC is licensed by the New York State Education Department, and observed that the New York State Commissioner of Education's regulations require "ESL teachers at private schools to (1) 'have been awarded a baccalaureate or equivalent degree from an institution licensed or recognized by the department.' and (2) 'have successfully completed either an English as a second language training program recognized by the department or one year of teaching experience in an English as a second language program.'" (A-116) (quoting 8 NYCRR § 126.10(j)(3)(iii)(a)). The district court then concluded that these requirements, and ALCC's certification and presumed compliance with these requirements, "is 'strong evidence' that ALCC is an educational institution." (A-116) (quoting *Fernandez*, 2016 WL 2903274, at *9).

The district court's conclusion was erroneous for multiple reasons. First, while Volpe conceded that ALCC was licensed by the New York State Education Department, it was erroneous to conclude by virtue of the certifications that ALCC was actually in compliance with New York State's regulation requiring that teachers at such an institution possess a baccalaureate or equivalent degree. Whether ALCC actually adhered to this required is a fact issue that required discovery. *See, e.g.*, *Smith v. ABC Training Ctr. Of Md., Inc.*, Index No. 13-306,

20

2013 U.S. Dist. LEXIS 108088, at *25-*26, 2013 WL 3984630 (D. Md. Aug. 1, 2013) (denying motion to dismiss because applicability of teacher exemption cannot be adjudicated from face of complaint).

Second, requiring merely a baccalaureate or equivalent degree is not, as the district court held, evidence that ALCC language centers are "educational institution[s]." To the contrary, the fact that this is the only requirement for teachers is strong evidence that ALCC language centers are *not* "educational institution[s]." *Astor v. United States*, 79 Fed. Cl. 303, 317 (Fed. Cl. 2007), is on point. There, the Court found that the instructors at a federal law enforcement training center "are not required to possess any teaching credentials, such as degrees in education or teaching experience, or education beyond a high school degree." Here, while teachers at ALCC may be required to hold a baccalaureate degree, there is no requirement that such degree be in education or in a field related to instruction in English as a second language. Nor is there any requirement that teachers at ALCC have completed any teaching-related coursework, or have any teaching experience. In this respect the requirements are much less demanding than those in *Astor*, where instructors were required to successfully complete a two week new instructor training, and to have one year of law enforcement service. *Id.* at 317. As in *Astor*, this factor strongly militates against a finding that ALCC language centers are "educational institution[s]."

21

Third, New York State's Department of Education regulations alternatively permit the commissioner to grant a variance from the baccalaureate of equivalent degree requirement, upon a finding "that the applicant possesses sufficiently unique and exceptional training and/or experience that are substantially the equivalent of the requirements" regularly applied to teachers at ESL schools.  8 NYCRR § 126.10(j)(3)(iii)(b).  There is no record evidence of how frequently ALCC applies for this variance, and the training and/or experience of any of its teachers for whom ALCC has obtained such a variance.

The district court's analysis of the granting of degrees also is deeply flawed. The First Amended Complaint alleges that ALCC's language centers "do no confer on their students any educational degree or its equivalent, professional license, or continuing educational credits," but instead provide enrollees who complete their course with certificates.  (A-13)  Such certificates "are not prerequisites to any jobs, professional licenses, or educational opportunities."  (*Id.*)  There is no evidence as to what value, if any, these certificates have.  The fact that ALCC does not confer any degree or license, and only provides a certificate with no evident practical value weighs heavily in favor of finding that ALCC's language centers are not "educational institution[s]," contrary to the district court's conclusion.

The district court's conclusion regarding the involvement of instructors in organizing, communicating, and delivering curriculum, is similarly incorrect.

22

There is no record evidence on which a Court can conclude that instructors at ALCC are involved in organizing, communicating, and delivering curriculum. Whether ALCC's instructors do in fact participate in these activities is a fact question that requires discovery. *See Smith*, 2013 U.S. Dist. LEXIS 108088, at *25-*26 (denying motion to dismiss because applicability of teacher exemption cannot be adjudicated from face of complaint).

While ALCC's language centers are licensed by New York State's Department of Educations, they are licensed under requirements for "nonpublicly funding ESL schools" which are considerably less stringent than those for "private career schools." Specifically, nonpublicly funded ESL schools, such as ALCC, are exempt from many of the requirements of New York's Education law and regulations, including those pertaining to "licensed private career schools." 8 N.Y.C.R.R. §126.10(j); *see also* N.Y. Ed. Law. §5001(4)(f)(4) (authorizing commissioner to issue alternate licensing or certification requirements for ESL schools). Thus, while ALCC may be "licensed by a state agency responsible for the state's educational system," it is licensed under a different and less stringent set of regulations and requirements than private career schools.

As the district court correctly found, "there are not facts showing that ALCC was chartered expressly for educational purposes." (A-117) However, the district court erred by relying on ALCC's stated purpose on its website. (A-117-118)

23

Although ALCC is currently accredited, the accreditation was only granted in November 13, 2013. (A-52) It was only covered for a small portion of Volpe's employment, as Volpe worked for ALCC from approximately 2004 until July 2014. (A-14) While accreditation may weigh in favor of finding ALCC is an "other educational institution" since November 13, 2013, lack of accreditation before that weighs against such a finding.

When the district court's eight factors are properly analyzed, four of the eight cut against finding that ALCC's language centers are "educational institution[s]." ALCC's teachers are not required to have teaching certificates or coursework, ALCC does not provide degrees, professional licenses, or continuing education credits, ALCC's teachers are not significantly involved in developing and organizing curriculum, and ALCC is not chartered expressly for educational purposes. Additionally, while ALCC is licensed by New York State's Department of Education, it is licenses under an alternate licensing provision that is considerably less onerous than those for private career schools, and ALCC has only been accredited by a nationally accrediting organization for a small portion of Volpe's employment.

In view of the foregoing, on the current record ALCC is not "plainly and unmistakably" within the "terms and spirit" of the FLSA's professional capacity exemption, as such exemption is defined by Department of Labor to include

24

teachers at "educational institution[s]." *Chen*, 798 F.3d at 81. As a result, Volpe's claims under the FLSA should not have been dismissed.


### Conclusion

Based on the foregoing, the Court should reverse the district court order dismissing the action, and remand the action to the district court for further proceedings.

Dated: New York, New York
October 7, 2016

__/s/ Joshua S. Androphy
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
(212) 317-1200
jandrophy@faillacelaw.com
*Attorneys for Plaintiffs-Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the foregoing brief is in <u>14-Point Times New Roman</u> proportional font and contains 5380 words and thus is in compliance with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

Dated: New York, New York
        October 7, 2016

<u>/s/ Joshua S. Androphy</u>
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
(212) 317-1200
jandrophy@faillacelaw.com
*Attorneys for Plaintiffs-Appellants*