# 16-2869-cv

## United States Court of Appeals
*for the*
## Second Circuit

JOHN VOLPE, individually and on behalf of others similarly situated,

*Plaintiff-Appellant,*

– v. –

AMERICAN LANGUAGE COMMUNICATION CENTER, INC.,
DBA AMERICAN LANGUAGE COMMUNICATION CENTER,
JEAN PACHTER, PETER PACHTER,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

JOSHUA S. ANDROPHY
MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiff-Appellant*
One Grand Central Place
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200

Table of Contents

Argument..................................................................................................................1

I. VOLPE IS A NON-EXEMPT EMPLOYEE UNDER THE FLSA, AND THEREFORE ALCC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT SHOULD HAVE BEEN DENIED ...................................................1

   A. The Teacher at an Educational Institution Exemption Should be Narrowly Construed........................................................................................................1

   B. ALCC's Application of the Multi-Factor Test is Flawed...............................5

   C. ALCC is not a Post- Secondary Career School ...............................................9

Conclusion .............................................................................................................11

# Table of Authorities

**Cases**

*Astor v. U.S.*, 79 Fed. Cl. 303 (Fed. Cl. 2007)..........................................................6

*Chen v. Major League Baseball Properties, Inc.*, 797 F.3d 71 (2d Cir. 2015) .....1, 2

*Escobedo v. Constr. Laborers Educ. Training & Apprenticeship Fund of Minnesota & North Dakota*, Index No. 11-3653, 2012 U.S. Dist. LEXIS 146109, 2012 WL 4838880 (D. Minn. Oct. 11, 2012) .............................................. 2, 9, 10

*Fernandez v. Zoni Language Ctrs., Inc.*, Index No. 15-cv-6066, 2016 U.S. Dist. LEXIS 65310 (S.D.N.Y. May 18, 2016) ...................................................... 8, 9, 10

*Gonzales v. New England Tractor Trailer Training School*, 932 F. Supp. 697 (D. Md. 1996)................................................................................................................2

*Hill v. Del. N Cos. Sportservice*, 838 F.3d 281, 2016 LEXIS U.S. App. 17763 (2d Cir. Oct. 3, 2016) ................................................................................................. 1, 2, 9

*Muller v. Am. Mgmt. Ass'n Int'l*, 368 F. Supp. 2d 1166 (D. Kan.) ...........................3

*Smith v. ABC Training Ctr. Of Md., Inc.*, Index No. 13-306, 2013 U.S. Dist. LEXIS 108088, 2013 WL 3984630 (D. Md. Aug. 1, 2013)................................................8

*Wilks v. District of Columbia*, 721 F.Supp. 1383 (D. D.C. 1989)............................3

**Regulations**

29 C.F.R. §541.303(b). ..............................................................................................4

8 NYCRR §126.10...................................................................................................10

**Other Authorities**

DOL Field Operations Handbook, §22d06(c) (Rev. 689, May 15, 2016 ..................3

Wage and Hour Opinion Letter FLSA 2005-38

(U.S. Dep't of Labor Oct. 13, 2005).........................................................................4

Argument

I. **VOLPE IS A NON-EXEMPT EMPLOYEE UNDER THE FLSA, AND THEREFORE ALCC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT SHOULD HAVE BEEN DENIED**

Appellees American Language Communication Center, Inc., Jean Pachter, and Peter Pachter (collectively, "ALCC") fail to demonstrate that Volpe is an exempt employees under the FLSA. When the applicable regulations are carefully examined in the manner consistent with this Court's methodology in *Hill v. Del. N Cos. Sportservice*, 838 F.3d 281, 2016 LEXIS U.S. App. 17763 (2d Cir. Oct. 3, 2016) and *Chen v. Major League Baseball Properties, Inc.*, 797 F.3d 71, 81 (2d Cir. 2015), it is abundantly clear that ALCC is not an "educational institution" as defined by the FLSA, Volpe is not an exempt employee, and the First Amended Complaint should not have been dismissed.

ALCC's argument to the contrary, and analysis of the applicable regulations and case law, is erroneous in several respects.

    A. The Teacher at an Educational Institution
       Exemption Should be Construed Narrowly

ALCC flatly contradicts this Court's controlling authority on interpreting FLSA exemptions set out in *Hill* and *Chen* and argues that the terms "educational establishment" and "other educational institution" should be construed broadly and expansively. (Appellee Br. at 6-10) This directly flies in the face of this Court's

direction that "exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Hill*, 2016 U.S. App. LEXIS 17763, at *12 (quoting *Chen*, 798 F.3d at 81). This mistaken approach colors ALCC's analysis of the application of the exemption for teachers at educational establishments.

Moreover, ALCC does not apply the approach explained in *Hill* of first examining the legislative history and statements of law from DOL to resolve ambiguities in the scope of the exemption. Instead, ALCC relies on case law that is not binding on this Court for its expansive view of the teacher exemption. (Appellee Br. at 6-7)

ALCC's presentation of such case law is flawed. Crucially, each of the cases cited by ALCC where the exemption applied involved either a career program or essentially a traditional school in a non-traditional setting. *Escobedo v. Constr. Laborers Educ. Training & Apprenticeship Fund of Minnesota & North Dakota*, Index No. 11-3653, 2012 U.S. Dist. LEXIS 146109, 2012 WL 4838880 (D. Minn. Oct. 11, 2012) involved a program which taught courses in such fields as asbestos remediation, hazarodus waste, mine safety, and OSHA complaince which are required for workers in those fields. *Gonzales v. New England Tractor Trailer Training School*, 932 F. Supp. 697 (D. Md. 1996) likewise invovled a

2

program that trained individuals to operate tractor trailers and trucks. Similarly, *Muller v. Am. Mgmt. Ass'n Int'l*, 368 F. Supp. 2d 1166 (D. Kan.) invovled a continuing education program. Each of these cases is undoubtedly a career program, teaching students specific skills and materials for the purpose of their careers. As such, each is a "post-secondary carrer program," and within the plan language of the Department of Labor regulation concerning the teacher at an education establishment exemption. *Wilks v. District of Columbia*, 721 F.Supp. 1383 (D. D.C. 1989) invovled an educational program within a department of corrections which, while not itself a school, "is essentially a school," teaching traditional courses. *Id*. at 1386. These cases do not evidence a broad or expanive interpretation of the teacher at an educational institution exemption, as ALCC posits.

ALCC also misleadingly cites the DOL Field Operations Handbook's statement concerning who is a teacher as purported evidence of what are educational institutions. (Appellee Br. at 9) The portion of the DOL Field Operations Handbook ALCC refers to addresses who may be a teacher, and states that teacher may include, *inter alia*, "teachers engaged in automobile driving instruction, aircraft flight instructors, home economics teachers, and vocal or instrumental music instructors." DOL Field Operations Handbook, §22d06(c) (Rev. 689, May 15, 2016). This comes directly from the definition of teacher

3

found in the DOL regulations. 29 C.F.R. §541.303(b). The DOL Field Operations Handbook does not state that teachers at "automobile driving schools," or "home economics programs," are exempt, as ALCC claims.

ALCC unsuccessfully challenges the analysis Volpe offered in his initial brief of DOL opinion letters addressing whether other types of institutions were "educational institutions", which demonstrated that the DOL opinion letters adhered closely to the question of whether such institutions were licensed or accredited. (Appellant Br. at 12-15) ALCC argues that because one of the three opinion letters discussed in Volpe's brief stated that the beauty school's letter "provides no evidence that the beauty school is so licensed or accredited *or other evidence* that the beauty school is an 'educational institution,'" Volpe's claim that the DOL opinion letters focused exclusively on licensing and accreditation is incorrect. (Appellee Br. at 10, citing Wage and Hour Opinion Letter FLSA 2005-38 (U.S. Dep't of Labor Oct. 13, 2005)). Neither this specific opinion letter nor any other opinion letters discussed applied any analysis beyond asking whether the institution was licensed and accredited. ALCC's claim that this opinion letter points to a broad application of the teacher at an educational institution exemption is unpersuasive. Rather, analysis of the DOL opinion letters demonstrates that the DOL adheres closely to the text of the regulation at 29 C.F.R. §541.204(b) and has

4

not expanded its consideration to factors that are not enumerated in the regulation. (*See* Appellant Br. at 13-15)

### B. ALCC's Application of the District Court's Multi-Factor Test is Flawed

ALCC's arguments concerning several of the factors reviewed by the district court to determine whether ALCC is an educational institution should be rejected.

ALCC argues that because the New York State Education Department's regulations require that ESL teachers have a (1) "baccalaureate or equivalent degree from an institution licensed or recognized by the department," and (2) "have successfully completed either an English as a second language training program recognized by the department or one year of teaching experience in an English as a second language program," ALCC satisfies the factor that considers certifications required of an institution's teachers. (Appellee Br. at 15-17, citing 8 NYCRR §126.19(j)(iii)(a)).

ALCC fails to address that the First Amended Complaint alleges that "Defendants' 'teachers,' such as Plaintiff, are not required to possess teaching certificates, degrees, or licenses and are not required to have completed any teaching coursework." (A-14) While the New York State Education Department's regulations require ALCC teachers to have completed a bachelor's or equivalent degree, it may be in any area of study. There is no evidence that ALCC's teachers must have any training in teaching.

5

Moreover, contrary to ALCC's contention, there is no evidence that ALCC actually complies with the New York State Education Department requirements for teachers. Simply put, the existence of a regulation is not evidence that all regulated parties comply with the regulation. And ALCC's self-serving promotional statement on its website that "each of its instructors has at least a Bachelor's degree" (Appellee Br. at 17) cannot be accepted on a motion to dismiss of proof of that fact. Moreover, the New York State Education Department requirements also allow the commissioner to grant a variance to the degree requirement. ALCC does not and cannot contend that there is any evidence of whether ALCC has relied on this variance, and the training and experience of instructors for whom ALCC has obtained such a variance.

ALCC's discussion of its granting of certificates to students also is unconvincing. The First Amended Complaint alleges that ALCC does not confer any educational degree, professional license, or continuing educational credits. (A-13). ALCC only issues certificates which ALCC itself acknowledges are not equivalent to degrees. (Appellee Br. at 18). The fact that ALCC does not confer degrees or their equivalent weighs heavily against finding that it is an educational institution. *Astor v. U.S.*, 79 Fed. Cl. 303, 316 (Fed. Cl. 2007) (holding that program that did not award degrees, licenses, or continuing education credits was not an educational institution).

6

Contrary to ALCC's contention, the fact that ALCC's certificates lack practical value is an important factor. A degree, professional license, or continuing educational credit can often be a qualification for a job. Undoubtedly, the English language skills learned by students at ALCC are useful, both for students' potential careers and their daily life. But the certificates issues by ALCC are mere pieces of paper that do not confer any tangible benefit to students. As alleged in the First Amended Complaint, these certificates "are not prerequisites to any jobs, professional licenses, or educational opportunities.

ALCC's claim that the DOL Field Operations Handbook considers "many 'educational establishments'" that do not issue degrees or licenses as exempt is simply inaccurate. (Appellee Br. at 18) ALCC again conflates the DOL Field Operations Handbook's guidance concerning *teachers* with guidance concerning *institutions*. *See* DOL Field Operations Handbook, §22d06(c) (Rev. 689, May 15, 2016).

ALCC's discussion of Volpe's involvement in organizing, communicating, and delivering ALCC's curriculum is similarly flawed. ALCC only cites the allegations that Volpe spent times "preparing for class," "teaching in class," and "preparing quizzes or correcting exams." (Appellee Br. at 20, quoting A-15) These allegations only demonstrate that Volpe was a teacher at ALCC and engaged in some preparation for class. If this is enough to satisfy this factor, it is difficult to

7

conceive of any educational institution where this factor would not be satisfied. The allegations do not demonstrate the extent to which Volpe was involved in organizing, communicating, and delivering the curriculum. The extent of Volpe's involvement in these activities cannot be resolved without discovery. *See Smith v. ABC Training Ctr. Of Md., Inc.*, Index No. 13-306, 2013 U.S. Dist. LEXIS 108088, *25-*26, 2013 WL 3984630 (D. Md. Aug. 1, 2013) (denying motion to dismiss because applicability of teacher exemption cannot be adjusdicated from face of complaint).

By contrast, in *Escobedo*, from which the court in *Fernandez v. Zoni Language Ctrs., Inc.*, Index No. 15-cv-6066, 2016 U.S. Dist. LEXIS 65310 (S.D.N.Y. May 18, 2016) adopted the multi-factor test, the court founds that the plaintiff had "developed several courses." *Escobedo*, 2012 U.S. Dist. LEXIS 146109, *16. There is no record evidence that Volpe similarly developed ALCC's courses, or that he had any involvement beyond delivering the curriculum and engaging in basis preparation and review of students' performance.

There is no evidence that ALCC is chartered expressly for educational purposes. (A-117) ALCC's self-serving statement of its mission in its website is not evidence of its charter. *Cf. Escobedo*, 2012 U.S. Dist. LEXIS 146109, *16 (defendant "was chartered for the purpose of operating a 'school and education, training, and apprenticeship programs.'")

8

As demonstrated above and in Volpe's initial brief, ALCC fails to satisfy four of the eight factors the district court considered in determining that ALCC is an educational institution. ALCC is not "plainly and unmistakably within the[] terms and spirit" of the FLSA's professional capacity exemption. *Hill*, 2016 U.S. App. LEXIS 17763 at *12.

Lastly, ALCC fully fails to address that during the majority of Volpe's employment, ALCC was not accredited. ALCC was only accredited on November 13, 2013. (A-14, A-52) To the extent that ALCC's accreditation is the basis for finding that Volpe is exempt, Volpe should not be exempt for any employment prior to November 13, 2013.

### C. ALCC is Not a Post- Secondary Career Program

ALCC is not a licensed and accredited post-secondary career program, as ALCC argues (Appellee Br. at 21-22), because ALCC is not a post-secondary career program.

As the district court correctly explained, "[a]s a matter of general understanding, a 'post-secondary career program' provides technical or vocational training to individuals, usually adults, seeking entrance or advancement in a particular field of work." (A-114, n. 4, *quoting Fernandez*, 2016 WL 2903274, at *4). "Although proficiency in English is advantageous and even necessary for many careers, ESL courses do not prepare students for a particular occupation or

9

job.  'It would stretch the plain and ordinary meaning of the phrase "post-secondary career program" to concludes that ESL programs fir within that express category of "other educational institution[s]."'" (*Id.*, *quoting Fernandez*, 2016 WL 2903274, at *6)

ALCC nevertheless asserts that it is a "post-secondary career program" because New York State Department of Education regulations include the requirements for ESLs within the section addressing requirements for private career schools, 8 NYCRR §126.10.  The New York State Department of Education's organization of the regulatory requirements for ESLs as a subsection within the section addressing "private career schools" is not determinative of whether ALCC, or ESLs in general, are career programs.  Rather, the plain and ordinary meaning of career program governs, as the district court in this action and in *Fernandez* held.

<u>Conclusion</u>

Based on the foregoing, the Court should reverse the district court order dismissing the action, and remand the action to the district court for further proceedings.

Dated: New York, New York
November 28, 2016

    <u>/s/ Joshua S. Androphy</u>
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
(212) 317-1200
jandrophy@faillacelaw.com
*Attorneys for Plaintiff-Appellant*